NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VALERIE LOPEZ; DAVID WELLINGTON, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> DOANTRANG DANG, an individual; et al., <br><br> Defendants-Appellees. | No. 22-55495 <br><br> D.C. No. 8:21-cv-00353-JVS-KES <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted February 15, 2023**
Pasadena, California

Before: WALLACE, HURWITZ, and BADE, Circuit Judges.

Valerie Lopez and David Wellington ("Appellants") appeal from the district

court's dismissal of their claims under (1) 42 U.S.C. § 1983; (2) the federal RICO

statute, 18 U.S.C. § 1962; and (3) California law. We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291 and affirm.

1.     Appellants failed to state a § 1983 claim in their first amended complaint because they did not plausibly allege that the defendants were acting "under color of law." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).  Appellants contend that the appellees acted under color of law by utilizing state-court foreclosure and wrongful detainer proceedings.  But the mere "fact that a state permits the use of foreclosure procedures and subsequent sheriff sales as the execution of a judgment is not sufficient to constitute state action" under § 1983. *Harper v. Fed. Land Bank of Spokane*, 878 F.2d 1172, 1178 (9th Cir. 1989).

2.     To state a federal RICO claim, a plaintiff must allege that the defendant participated in "(1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity" that was "(5) the proximate cause of harm" to the plaintiff.  *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014).  The district court correctly determined that the "racketeering activity" alleged in the second amended complaint—foreclosing on properties for which mortgage debt had been discharged in bankruptcy proceedings,—was not actionable.  Although "sham" litigation can be a "predicate act" under RICO, *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 940–41 (9th Cir. 2006), the plaintiff must show that (1) "the lawsuit is objectively baseless and the defendant's motive in bringing it was unlawful"; (2) the conduct involves a series

2

of lawsuits "brought pursuant to a policy of starting legal proceedings without regard to the merits and for an unlawful purpose"; or (3) the conduct "consists of making intentional misrepresentations to the court." *Id.* at 938 (internal quotation marks and citations omitted). Because the bankruptcy discharge did not discharge the underlying mortgage liens, *see Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991), Appellants have not plausibly alleged that the foreclosure and eviction proceedings were shams.

Appellants' allegations regarding other acts of extortion also either lacked a sufficient nexus to the alleged RICO enterprise, *see Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 194–95 (9th Cir. 1987), or did not proximately harm Appellants.

3. The district court did not err by declining to exercise supplemental jurisdiction over Appellants' state-law claims. A district court may decline to exercise supplemental jurisdiction over pendent state-law claims if it "has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c), and "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

4. Finally, the district court did not abuse its "particularly broad" discretion by

denying leave to file a third amended complaint. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). Given the deficiencies in Appellants' federal claims, the district court correctly concluded that any amendment would be futile.

**AFFIRMED.**